IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

SOUTHERN BANK & TRUST CO.,

    Plaintiff,

v.                                                                                              Civil Action No: 2:14cv256

AMBIKA HOTEL, LLC, ET AL.,

    Defendants.

---

SOUTHERN BANK & TRUST CO.,

    Plaintiff,

v.                                                                                              Civil Action No: 2:14cv273

KRISHNA SAI, LLC, ET AL.,

    Defendants.

---

SOUTHERN BANK & TRUST CO.,

    Plaintiff,

v.                                                                                              Civil Action No: 2:14cv274

OXFORD PLACE, LLC, ET AL.,

    Defendants.

---

SOUTHERN BANK & TRUST CO.,

    Plaintiff,

v.                                                      Civil Action No: 2:14cv286

LAXMI HOTEL, LLC, ET AL.

    Defendants.

---

SOUTHERN BANK & TRUST CO.,

    Plaintiff,

v.                                                      Civil Action No: 2:14cv432

NORFOLK SAI HOTEL, LLC, ET AL.,

    Defendants.

## ORDER

This matter is before the Court on Plaintiff Southern Bank & Trust Co.'s ("Plaintiff") five unopposed Motions for Summary Judgment brought against the responsive consolidated Defendants, Docs. 14, 16, 20, 22, 24, and the Motion for Default Judgment as to Defendant Ambika Hotel, LLC. Doc. 12. For the following reasons, the Court **GRANTS** Plaintiff's Motions and enters judgment against all consolidated Defendants as appropriate.

### I. BACKGROUND COMMON TO ALL PARTIES & MOTIONS[1]

Plaintiff seeks judgments for the deficiency due on notes executed by Ambika Hotel, LLC, Krishna Sai, LLC, Oxford Place, LLC, Laxmi Hotel, LLC, and Norfolk Sai Hotel, LLC (the "Corporate Defendants"). Pursuant to "absolute and unconditional guaranties" on these

---

[1] The factual and procedural history described in this section is that which can be garnered from all of Plaintiff's filings and are consistent across all of the parties in this case. Therefore, the Court will not cite directly to a specific document as the genesis of these facts, as they are readily and generally available in each of the instant Motions. See Docs. 12, 14, 16, 20, 22, 24. Importantly, these facts and allegations are also supported by the sworn Declaration of James Hill, Plaintiff's Vice-President, attached to each motion.

2

notes, Plaintiff seeks related judgments against Sanjay Gandhi, Ashok Dhabuwala, Dharmesh Shah, Jayabala Khatiwala, Aniesh Corporation, Rajesh Randeria, and Anita Panwala (the "Guarantor Defendants").

Bank of the Commonwealth made loans to the Corporate Defendants "to enable [them] to purchase and/or renovate" various hotel properties within Hampton Roads. On September 23, 2011, Bank of the Commonwealth was placed into receivership and closed by regulatory authorities. Following this collapse, Plaintiff purchased and succeeded to Bank of the Commonwealth's interest in the loans made to the Corporate Defendants, as well as the related guaranties executed by the Guarantor Defendants.

Plaintiff is now the present holder of all notes and guaranties in question. These notes are in default. By respective letters dated December 7, 2012 and January 10, 2014, Plaintiff made demand for payment in full under the notes from all Defendants. Various forbearance agreements followed on some of the notes; however, as of the filing of the instant Motions, all Defendants have failed to make payments as required by the notes, forbearance agreements, and guaranties.

Plaintiff filed individual lawsuits against each of the Corporate Defendants and their related Guarantor Defendants in the Summer of 2014. Each of the Defendants responded in a timely manner with the exception of Ambika Hotel, LLC. Plaintiff requested an Entry of Default as to Ambika Hotel, LLC on August 27, 2014. Doc. 8. On December 22, 2014, all five related cases were consolidated before the Court "for the purposes of discovery and all pre-trial motions." Doc. 10. On March 25, 2015, Plaintiff filed its Motion for Default Judgment as to Ambika Hotel, LLC. Doc. 12. Between March 25, 2015 and April 15, 2015, Plaintiff filed all five of its Motions for Summary Judgment, one for each of the original member cases. See

Docs. 14, 16, 20, 22, 24. Ambika Hotel, LLC still has not made an appearance before this Court. Furthermore, the other Defendants' only response to Plaintiff's Motions is that "they have no opposition to [the request] for Summary Judgment." See, e.g., Doc. 18. Finally, in an effort to expedite resolution of this case, Plaintiff has represented to the Court that it waives its ability to recover damages related to attorney's fees and costs. Doc. 30 at 1.

## II. LEGAL STANDARDS

### A. Default Judgment

Federal Rule of Civil Procedure 55 sets forth a two-step process for obtaining a default judgment. Subsection (a) calls for entry of default when a party has failed to file a responsive pleading "or otherwise defend" an action within the applicable time limit. Fed. R. Civ. P. 55(a). The entry of default does not automatically entitle a party to a default judgment, however, as subsection (b) requires court action following entry of default by the Clerk. Fed R. Civ. P. 55(b). The decision of whether to grant a motion for default judgment rests in the sound discretion of the trial court. See Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8 (1980). Furthermore, "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact." Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001) (quoting Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). However, the Court is still required to "determine whether the well-pleaded allegations in [the] complaint support the relief sought." Id.

### B. Summary Judgment

Summary judgment is appropriate only when the trial court, viewing the record as a whole and in the light most favorable to the nonmoving party, determines that there exists no genuine issue of material fact and that the moving party is entitled to judgment as a matter of

law. Fed. R. Civ. P. 56. See, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322–24 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248–50 (1986). Once a party has properly filed evidence supporting the motion for summary judgment, the nonmoving party may not rest upon mere allegations in the pleadings, but must instead set forth specific facts illustrating genuine issues for trial. Celotex, 477 U.S. at 322–24. Such facts must be presented in the form of exhibits and sworn affidavits or declarations. Failure to rebut the motion with such evidence will result in summary judgment when appropriate. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322.

A mere scintilla of evidence is insufficient to withstand a motion for summary judgment. Rather, the evidence must be such that the fact-finder reasonably could find for the nonmoving party. See Anderson, 477 U.S. at 252. Although the court must draw all justifiable inferences in favor of the nonmoving party, it cannot rely on "mere belief or conjecture, or the allegations and denials contained in his pleadings." Doyle v. Sentry Ins., 877 F. Supp. 1002, 1005 (E.D. Va. 1995) (citing Celotex, 477 U.S. at 324).

### III. ANALYSIS

Plaintiff is asking the Court to enter judgment against Defendants equal to the amount of their specific liability on each respective note. The Court will turn first to the Motion for Default Judgment against Ambika Hotel, LLC, and then to the claims for summary judgment against the remaining Defendants.

### A. Default Judgment

Defendant Ambika Hotel, LLC has not responded or entered an appearance, and accordingly is considered to have admitted Plaintiff's well-pleaded allegations of fact. See Ryan, 253 F.3d at 780. Reviewing Plaintiff's allegations, in particular the sworn declarations offered in support, the Court **FINDS** sufficient support to award the relief sought.

Plaintiff's Motion for Default Judgment, Doc. 12, is thereby **GRANTED**. The Clerk is **DIRECTED** to enter judgment in favor of Plaintiff against Ambika Hotel, LLC for the principal balance of $946,706.22, interest through March 25, 2015 in the amount of $425,024.96, plus interest accruing at the rate of $250.09 per diem thereafter.

### B. Summary Judgment

Plaintiff, via its motions for summary judgment, seeks monetary judgments against all remaining consolidated Defendants. This includes the four remaining Corporate Defendants, each of whom headlines one of the member cases, and the seven Guarantor Defendants, many of whom are guarantors of multiple notes. None of the Defendants contest liability or oppose Plaintiff's request for summary judgment. See, e.g., Doc. 18. The Court, relying on the sworn declaration attached to each of the instant Motions, **FINDS** "that there is no genuine dispute as to any material fact and [Plaintiff] is entitled to judgment as a matter of law" against all of the remaining Defendants. See Fed. R. Civ. P. 56(a). Furthermore, the Court **FINDS** that the evidence submitted by Plaintiff, namely the sworn declaration of its Vice-President, is sufficient to establish the correct amount of damages owed by each Defendant.

Given the Court's finding of liability and damages as to all notes and guaranties involved in this matter, the Court will address the judgments sequentially by Defendant, rather than by note or case. Plaintiff is therefore entitled to the following monetary judgments:

6

*i. Krishna Sai, LLC*

Defendant Krishna Sai, LLC executed a promissory note in the amount of $3,000,000 on May 2, 2003. Doc. 19 at 3. This note is now held by Plaintiff and is in default. Id. at 4. The Clerk is **DIRECTED** to enter judgment in favor of Plaintiff against Krishna Sai, LLC for the principal balance of $559,663.76, interest through April 3, 2015 in the amount of $587,850.54, plus interest accruing at the rate of $155.46 per diem thereafter.

*ii. Oxford Place, LLC*

Defendant Oxford Place, LLC executed five promissory notes, each with an original principal balance of approximately $4,400,000, between January 27, 2006 and August 19, 2009. Doc. 21 at 3–4. These notes were modified by agreement on June 30, 2010, revising the principal balance to $4,366,603.83. The notes are now held by Plaintiff and are in default. Id. at 4. The Clerk is **DIRECTED** to enter judgment in favor of Plaintiff against Oxford Place, LLC for the remaining principal balance of $2,800,908.41, interest through April 7, 2015 in the amount of $1,156,976.52, plus interest accruing at the rate of $641.87 per diem thereafter.

*iii. Laxmi Hotel, LLC*

Defendant Laxmi Hotel, LLC executed a promissory note in the amount of $9,000,000 on March 22, 2008. Doc. 23 at 3. The note was modified by agreement on June 30, 2010, revising the principal balance to $9,919,000.00. This note is now held by Plaintiff and is in default. Id. at 3–4. The Clerk is **DIRECTED** to enter judgment in favor of Plaintiff against Laxmi Hotel, LLC for the principal balance of $5,390,293.29, interest through April 13, 2015 in the amount of $3,058,446.92, plus interest accruing at the rate of $1,721.89 per diem thereafter.

7

### iv. *Norfolk Sai Hotel, LLC*

Defendant Norfolk Sai Hotel, LLC succeeded in interest to a promissory note in the amount of $6,200,000, originally executed on May 9, 2006. Doc. 25 at 4–5 (Loan #5609). Defendant also succeeded to an additional promissory note executed that same day in the amount of $1,000,000. Id. at 9 (Loan #5704). Both notes are now held by Plaintiff and are in default. Id. at 5, 9. The Clerk is **DIRECTED** to enter judgment in favor of Plaintiff against Norfolk Sai Hotel, LLC on: (1) Loan #5609 for the principal balance of $5,095,982.10, interest through April 15, 2015 in the amount of $2,656,440.13, an appraisal fee of $19,366.67, force place insurance in the amount of $84,812.31, real estate taxes in the amount of $283,528.15, plus interest accruing at the rate of $1,698.66 per diem thereafter; and (2) Loan #5704 for the principal balance of $1,000,000.00, interest through April 15, 2015 in the amount of $244,222.25, plus interest accruing at the rate of $201.39 per diem thereafter.

### v. *Sanjay Gandhi*

Defendant Sanjay Gandhi executed full commercial guaranties of the notes issued to Ambika Hotel, LLC on June 29, 2006; Krishna Sai, LLC on May 2, 2003 and April 26, 2006; and Oxford Place, LLC on June 29, 2006; and partial guaranties on the note issued to Laxmi Hotel, LLC on March 22, 2008 and October 14, 2009; and for each of the notes issued to Norfolk Sai Hotel, LLC. Doc. 15 at 4; Doc. 19 at 6; Doc. 21 at 6; Doc. 23 at 6; Doc. 25 at 6, 10. On his guaranty of the Laxmi Hotel loan, Gandhi agreed to guarantee $4,153,848.70, plus interest. See Doc. 23 at 6. On his guaranty of Loan #5609, Gandhi agreed to guarantee $852,500, plus interest. Doc. 25 at 6. On his guaranty of Loan #5704, Gandhi agreed to guarantee $137,500, plus interest. Id. at 11.

The notes and guaranties are now held by Plaintiff and are in default. The Clerk is **DIRECTED** to enter judgment in favor of Plaintiff against Sanjay Gandhi as jointly and severally liable on: (1) the Ambika Hotel, LLC loan for the remaining principal balance of $946,706.22, interest through March 25, 2015 in the amount of $425,024.96, plus interest accruing at the rate of $250.09 per diem thereafter; (2) the Krishna Sai, LLC loan for the principal balance of $559,663.76, interest through April 3, 2015 in the amount of $587,850.54, plus interest accruing at the rate of $155.46 per diem thereafter; (3) the Oxford Place, LLC loan for the remaining principal balance of $2,800,908.41, interest through April 7, 2015 in the amount of $1,156,976.52, plus interest accruing at the rate of $641.87 per diem thereafter; (4) the Laxmi Hotel, LLC loan for the principal balance of $4,153,848.70,[2] interest through April 13, 2015 in the amount of $1,291,785.24, plus interest accruing at the rate of $1,422.55 per diem thereafter; (5) the Norfolk Sai Hotel, LLC Loan #5609 for the principal balance of $852,500.00, interest through April 15, 2015 in the amount of $128,948.45, plus interest accruing at the rate of $280.27 per diem thereafter; and (6) the Norfolk Sai Hotel, LLC Loan #5704 for the principal balance of $137,500.00, interest through April 15, 2015 in the amount of $16,760.47, plus interest accruing at the rate of $44.26 per diem thereafter.

### vi. *Ashok Dhabuwala*

Defendant Ashok Dhabuwala executed a full commercial guaranty of the note issued to Krishna Sai, LLC on May 2, 2003 and April 26, 2006, and partial guaranties on the note issued to Laxmi Hotel, LLC on March 22, 2008 and October 14, 2009, and each of the notes issued to Norfolk Sai Hotel, LLC. Doc. 19 at 6; Doc. 23 at 6; Doc. 25 at 6, 10. On his guaranty of the

---

[2] This amount, as well as many of the following amounts of principal liability, does not equal the full amount of the corresponding Corporate Defendant's liability. This is an intentional discrepancy that is supported by the factual record. The Court notes that while such a discrepancy is unusual, in this case it was explicitly arranged by contract between the various parties. Regardless, however, all Defendants remain jointly and severally liable for any overlapping liability on each individual loan.

Laxmi Hotel loan, Dhabuwala agreed to guarantee $3,461,535, plus interest. See Doc. 23 at 6. On his guaranty of Loan #5609, Dhabuwala agreed to guarantee $1,240,000, plus interest. Doc. 25 at 6. On his guaranty of Loan #5704, Dhabuwala agreed to guarantee $200,000, plus interest. Id. at 11. The notes and guaranties are now held by Plaintiff and are in default.

The Clerk is **DIRECTED** to enter judgment in favor of Plaintiff against Ashok Dhabuwala as jointly and severally liable on: (1) the Krishna Sai, LLC loan for the principal balance of $559,663.76, interest through April 3, 2015 in the amount of $587,850.54, plus interest accruing at the rate of $155.46 per diem thereafter; (2) the Laxmi Hotel, LLC loan for the principal balance of $3,461,535.00, interest through April 13, 2015 in the amount of $1,070,218.47, plus interest accruing at the rate of $1,185.45 per diem thereafter; (3) the Norfolk Sai Hotel, LLC Loan #5609 for the principal balance of $1,240,000.00, interest through April 15, 2015 in the amount of $195,209.12, plus interest accruing at the rate of $407.67 per diem thereafter; and (4) the Norfolk Sai Hotel, LLC Loan #5704 for the principal balance of $200,000.00, interest through April 15, 2015 in the amount of $24,379.30, plus interest accruing at the rate of $64.38 per diem thereafter.

*vii. Dharmesh Shah*

Defendant Dharmesh Shah executed full commercial guaranties of the notes issued to Ambika Hotel, LLC on June 29, 2006 and Oxford Place, LLC on January 27, 2006. Doc. 15 at 4; Doc. 21 at 6. The notes and guaranties are now held by Plaintiff and are in default. The Clerk is **DIRECTED** to enter judgment in favor of Plaintiff against Dharmesh Shah as jointly and severally liable on: (1) the Ambika Hotel, LLC loan for the remaining principal balance of $946,706.22, interest through March 25, 2015 in the amount of $425,024.96, plus interest accruing at the rate of $250.09 per diem thereafter; and (2) the Oxford Place, LLC loan for the

10

remaining principal balance of $2,800,908.41, interest through April 7, 2015 in the amount of $1,156,976.52, plus interest accruing at the rate of $641.87 per diem thereafter.

### viii. Jayabala Khatiwala

Defendant Jayabala Khatiwala executed a full commercial guaranty of the note issued to Krishna Sai, LLC on May 2, 2003 and a partial guaranty on each of the notes issued to Norfolk Sai Hotel, LLC. Doc. 19 at 6; Doc. 25 at 6, 10. On his guaranty of Loan #5609, Khatiwala agreed to guarantee $310,000, plus interest. Doc. 25 at 6. On his guaranty of Loan #5704, Khatiwala agreed to guarantee $50,000, plus interest. Id. at 11. The notes and guaranties are now held by Plaintiff and are in default. The Clerk is **DIRECTED** to enter judgment in favor of Plaintiff against Jayabala Khatiwala as jointly and severally liable on: (1) the Krishna Sai, LLC loan for the remaining principal balance of $559,663.76, interest through April 3, 2015 in the amount of $587,850.54, plus interest accruing at the rate of $155.46 per diem thereafter; (2) the Norfolk Sai Hotel, LLC Loan #5609 for the principal balance of $310,000.00, interest through April 15, 2015, in the amount of $46,888.85, plus interest accruing at the rate of $101.91 per diem thereafter; and (3) the Norfolk Sai Hotel, LLC Loan #5704 for the principal balance of $50,000.00, interest through April 15, 2015, in the amount of $6,095.03, plus interest accruing at the rate of $16.09 per diem thereafter.

### ix. Aniesh Corporation

Defendant Aniesh Corporation executed a full commercial guaranty of the note issued to Oxford Place, LLC on June 29, 2006 and a partial guaranty on each of the notes issued to Norfolk Sai Hotel, LLC. Doc. 21 at 6; Doc. 25 at 6, 10. On its guaranty of Loan #5609, Aniesh agreed to guarantee $697,500, plus interest. Doc. 25 at 7. On his guaranty of Loan #5704, Aniesh agreed to guarantee $112,500, plus interest. Id. at 11. The notes and guaranties are now

held by Plaintiff and are in default. The Clerk is **DIRECTED** to enter judgment in favor of Plaintiff against Aniesh Corporation as jointly and severally liable on: (1) the Oxford Place, LLC loan for the remaining principal balance of $2,800,908.41, interest through April 7, 2015 in the amount of $1,156,976.52, plus interest accruing at the rate of $641.87 per diem thereafter; (2) the Norfolk Sai Hotel, LLC Loan #5609 for the principal balance of $137,500.00, interest through April 15, 2015 in the amount of $16,981.37, plus interest accruing at the rate of $45.20 per diem thereafter; and (3) the Norfolk Sai Hotel, LLC Loan #5704 for the principal balance of $112,500.00, interest through April 15, 2015 in the amount of $13,712.47, plus interest accruing at the rate of $36.21 per diem thereafter.

*x. Rajesh Randeria*

Defendant Rajesh Randeria executed a full commercial guaranty of the note issued to Ambika Hotel, LLC on June 29, 2006 and a partial guaranty on each of the notes issued to Norfolk Sai Hotel, LLC. Doc. 15 at 4; Doc. 25 at 6, 10. On his guaranty of Loan #5609, Randeria agreed to guarantee $4,650,000, plus interest. Doc. 25 at 6. On his guaranty of Loan #5704, Randeria agreed to guarantee $750,000, plus interest. Id. at 11. The notes and guaranties are now held by Plaintiff and are in default. The Clerk is **DIRECTED** to enter judgment in favor of Plaintiff against Rajesh Randeria as jointly and severally liable on: (1) the Ambika Hotel, LLC loan for the remaining principal balance of $946,706.22, interest through March 25, 2015 in the amount of $425,024.96, plus interest accruing at the rate of $250.09 per diem thereafter; (2) the Norfolk Sai Hotel, LLC Loan #5609 for the principal balance of $4,650,000.00, interest through April 15, 2015 in the amount of $732,035.31, plus interest accruing at the rate of $1,527.76 per diem thereafter; and (3) the Norfolk Sai Hotel, LLC Loan

#5704 for the principal balance of $750,000.00, interest through April 15, 2015 in the amount of $91,425.51, plus interest accruing at the rate of $241.43 per diem thereafter.

### *xi. Anita Panwala*

Defendant Anita Panwala executed a full commercial guaranty of the notes issued to Oxford Place, LLC on January 27, 2006. Doc. 21 at 6. The notes are now held by Plaintiff and are in default. The Clerk is **DIRECTED** to enter judgment in favor of Plaintiff against Anita Panwala as jointly and severally liable for the remaining principal balance of $2,800,908.41, interest through April 7, 2015 in the amount of $1,156,976.52, plus interest accruing at the rate of $641.87 per diem thereafter.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment, Doc. 12, and Motions for Summary Judgment, Docs. 14, 16, 20, 22, 24, are **GRANTED**. The Clerk is **DIRECTED** to enter judgment in favor of Plaintiff against each Defendant as outlined above.

The Clerk is **REQUESTED** to send a copy of this Order to all counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge
HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
April 29, 2015